### DAVIS v. DAVIS et al.

(Circuit Court, N. D. Georgia. December 10, 1894.)

1. PLEADING—DECREE.

A petition, stating a decree entered in a former proceeding, either as matter of inducement or as the basis of plaintiff's action, need not set out the petition on which such decree was rendered.

2. SAME—CONTRACT MADE UNDER DIRECTION OF COURT.

D. had an agreement with the executors of her husband's estate as to what should be allowed her from such estate, in settlement of her claim for dower, as against the provisions of her husband's will, to which agreement the executors desired to obtain the assent of the court. They accordingly filed a petition in a state court, and obtained a decree ratifying

the settlement, and directing them to execute a contract in pursuance of it. The contract, so made, not having been performed, D. brought suit in the United States court against the executors to recover the money agreed to be paid. *Held,* that such suit was upon the contract, and not upon the decree of the state court, and could be maintained without regard to the question of the right to sue, on a judgment of a state court, in a United States court sitting in the same state.

3. FEDERAL AND STATE COURTS—RIGHT TO SUE ON JUDGMENT.

Whether an action can be maintained in a United States court on a money judgment obtained in a court of the state in which the United States court sits, quaere.

This was an action by Icelia E. Davis against Charles A. Davis, Jr., and others, executors of Charles A. Davis, Sr., deceased. The defendants demurred to the declaration.

Bishop & Andrews and M. J. Clarke, for plaintiff.

N. J. & T. A. Hammond, for defendants.

NEWMAN, District Judge. This is a general demurrer on the following declaration:

To the Honorable Judges of the Circuit Court of the United States, for the Northern District of Georgia:

Mrs. Icelia E. Davis avers:

(1) That she is a citizen of the state of Illinois, resident in the city of Chicago in said state; that she is not a citizen of the state of Georgia.

(2) That Charles A. Davis, Jr., Oscar S. Davis, and Edwin Davis are executors of the last will and testament of Charles A. Davis, Sr., late of said district of the state of Georgia; and that said executors are now residents of said state, residing in said Northern district of Georgia; that the said Charles A. Davis, Jr., and Edwin Davis reside in the city of Greensboro, in the said Northern district for the state of Georgia; and that the said Oscar Davis resides in the city of Atlanta, in the said Northern district for the state of Georgia.

(3) That the said executors are indebted to her in the principal sum of eleven thousand five hundred and thirty-five ($11,535.00) dollars, which said amount is to bear interest at the rate of 6 per cent. per annum from the 18th day of August, 1894, until the same shall be paid.

(4) That she is the widow of the said Charles A. Davis, Sr., lately deceased, as aforesaid; and that the said Charles A. Davis, deceased, left a will conveying to his seven (7) children and to your oratrix a very large estate, estimated at five hundred thousand ($500,000) dollars or more; and that in said will he provided for her by directing that she be paid an annuity of nine hundred ($900.00) dollars so long as she remained his widow, or so long as she should live. She avers that she was dissatisfied with the provisions made in her behalf by the said will, and that she thereupon determined to have set apart to herself dower out of said estate, in lieu of said provisions contained in said will. As a result of said determination upon her part, an agreement was finally arrived at, settling her controversy with the executors of said estate, a copy of which said agreement, or contract, is hereto attached, marked "Exhibit A" and prayed to be made a part hereof, with leave of reference thereto as often as may be necessary.

(5) That said court passed a decree upon the petition of Charles A. Davis, Jr., et al., executors, etc., against Icelia E. Davis et al., praying for the construction of said will, directions, etc., the same being filed to the August term, 1894, in Greene superior court of said state; that that portion of the decree passed by the court referring to the settlement made by the said executors with your oratrix, as set out and contained in paragraph 13 of said decree, is as follows, to wit:

"It is further ordered and adjudged that the settlement and agreement between petitioners and said widow [meaning your oratrix] referred to in the 18th paragraph of said petition be, and the same is hereby, ratified and con-

firmed, and said executors are hereby authorized and required to execute the contract made with said widow [meaning your oratrix], a copy of which is attached as 'Exhibit B' to said petition.

"W. F. Jenkins, Judge Superior Court, G. C."

(6) That said executors now have in their hands eleven thousand and five hundred and thirty-five dollars ($11,535.00), as aforesaid, the same being the balance of said settlement, as confirmed by the court as heretofore set out; and that they refuse to pay said amount, or any part of the same, to her, though requested. Wherefore she prays that process may issue, requiring the said executors, Charles A. Davis, Jr., Edwin Davis, and Oscar Davis, defendants in said case, to be and appear at the next term of said court to answer, etc.

The following instrument is the agreement entered into between the parties, and is the paper referred to in the foregoing declaration:

### State of Georgia, County of Greene.

The following agreement is hereby entered into between Charles A. Davis, Jr., Oscar S. Davis, and Edwin Davis, as executors of the will of Charles A. Davis, Sr., of said county, the widow of said deceased, party of the second part:

Said executors, parties of the first part, agree to pay to said Mrs. Icelia E. Davis, or attorney, out of the assets of the estate of said deceased, the sum of forty thousand ($40,000.00) dollars, less such amounts as have been paid or expended to or for her by said executors. Said sum thus credited shall become due and payable as soon as judgment of superior court of said county ratifying this agreement can be obtained. Said executors shall at once institute proceedings in said court to procure such ratification; and, in the event it is not had at the August term, 1894, of said court, said sum, less whatever credits are herein provided for, shall bear interest from said time, say 18th day of August, 1894, at the rate of 6% per annum till paid, which shall likewise be the rate of interest on said sum from and after the rendition of said judgment by the court till the payment of said sum—shall bear no interest between now and the said term of the court, and no interest shall be charged on any credits to which said sum may then be entitled. Said executors further agree to pay to the said Mrs. Davis, from and after the first day of July, 1894, the annuity of nine hundred ($900.00) dollars devised to her in said will from the income of the twenty thousand dollars fund to be invested in bonds for the Foreign Mission Board of the Baptist Convention as provided in said will. Said annuity is to be paid her during her life or widowhood, and otherwise in accordance with the provisions relating thereto in said will; save only that said Mrs. Davis relinquishes to said executors, for the children of said deceased, all income from said fund accruing prior to said date July 1st, 1894. Said executors further agree to pay to said Mrs. Davis, if she so desires, a sum or sums of money amounting to ($75.00) per month from now until 1st day of July next, at such time as she may select; which sum or sums shall likewise be allowed as a credit on the aforesaid amount of ($40,000.00). Said Mrs. Davis shall have the privilege of occupying as a home, free of rent, the dwelling of the deceased, until the time the interest on said ($40,000.00), less credits, begins, when the possession of said dwelling will be delivered to her by said executors. The consideration of the payment of said sums to be made to the said Mrs. Davis as hereinbefore stipulated, she hereby agrees that the same shall be in full settlement and satisfaction of all her interest in the estate of her said deceased husband, and of all her claims and demands, whether as an heir at all, legatee, or creditor against said estate, wherever the same may be located, whether within or without the state of Georgia. She therefore hereby relinquishes all right to her support, dower, to income, to rent, or interest from dower, and claim to the property, real or personal, purchased or acquired by said deceased, including the furniture in said dwelling, and other personalty on the premises where said dwelling is located. It is further understood and agreed that this contract of compromise is in full settlement of all claims, demands, and right of accident, whether ex delicto or ex contractu, which the said Mrs. Davis may

have against any of the other legatees named in said will, as well as in full settlement of any such claims which any of the said legatees may have against her, the said Mrs. Davis. Said legatees shall be under no obligation to make good said annuity of nine hundred ($900.00) dollars to said Mrs. Davis in the event of the contingency mentioned in the latter part of the 24th item of said will. Said Mrs. Davis or her counsel shall be consulted about the bonds in which said twenty thousand dollars fund shall be invested. In witness whereof the aforesaid parties to this contract hereunto set their hands and seals, this 16th day of January, 1894.

C. A. Davis, Jr.,
Oscar S. Davis,
Edwin Davis,
Executors of the Will of Charles A. Davis, Sr.
Mrs. C. A. Davis, Sr.

The demurrer is on two grounds. The first ground is, because the petition does not fully and distinctly set forth the plaintiff's cause of action, and especially in not setting out in its entirety the petition on which the decree alluded to in this suit was rendered. This ground of demurrer is not good. The declaration sets forth the plaintiff's cause of action with sufficient clearness and particularity. This is true, even if it be a suit on a judgment. 2 Greenl. Ev. § 279, and note; 2 Chit. Pl. p. 244; Biddle v. Wilkins, 1 Pet. 686.

The next ground of demurrer is that this suit is an effort to enforce in the federal court a decree of the state court, and is, therefore, merely supplemental to the original proceeding instituted in the state court, and so connected with it as to form an incident to it, and should not, for that reason, be entertained here. The argument of this demurrer has gone on the assumption that the result of the proceeding in the state court was a judgment as on a money demand, and such a judgment as could be enforced by execution issuing from that court. The contention is that the state court has taken jurisdiction of the subject-matter of this suit, and has gone with it to a point where all that is left to be done is to issue execution and collect the money; and that, therefore, the proceeding, supplemental or auxiliary to the proceeding in the state court, should be controlled by the rule that, where one court has taken jurisdiction of a controversy, another court will not interfere, but will allow the court which has acquired jurisdiction to proceed to a conclusion in the matter. As stated above, it was assumed by both sides on the argument that there was a judgment in the state court in favor of the plaintiff against the defendants, which could be enforced by execution, and the question discussed was, whether such a judgment was a proper subject-matter of suit in this court. Conceding this to be true, a question of difficulty would be presented. Can an action be brought in this court on a plain judgment for money, obtained in the state courts of the state in which the federal court is held? The only authority directly in point is a case in Baldw. 543 (Barr v. Simpson, Fed. Cas. No. 1,038). The decision in that case was by Mr. Justice Baldwin, and the decision is squarely in favor of the right to bring such an action. Several other cases have been cited, but they do not present the exact question at issue. If a party can sue a money demand to judgment in a state court, and then bring that judgment, and make it the subject-matter of a suit in a federal court, instead of

proceeding to enforce it in the state court where it was obtained, a very novel condition of things would exist, at least; yet the only direct authority on the question is in favor of the right, and from a very high source. The question underlying this, however, is whether there is such a judgment in the state court as makes a decision of the question just discussed necessary. The plaintiff in this case had an agreement with the executors of her husband's estate as to what should be allowed her from the estate, but the executors desired the approval and direction of the superior court before carrying the contract into effect. They filed a bill for this purpose, and asked the direction of the court as to that, among other things. They obtained a decree of the court authorizing and directing them to make and execute the contract. That proceeding in the state court was by the executors, and, if it be a judgment, it is against them, in a suit brought by themselves, where no cross bill or other pleading was filed which would seem to authorize it. The paragraph of the decree set out here contains none of the language which is usual in rendering a judgment, and is not framed as such. It merely authorizes and directs the executors to make and execute the contract which they had previously made with the plaintiff. My own view of this action would have been that it was a suit on the agreement, and that paragraph of the decree of the state court which is set out in the pleading here was merely brought in for the purpose of showing the validity of the agreement entered into, as having the approval of the chancellor in the proper jurisdiction. If Mrs. Davis had an agreement with these executors to pay her a certain sum of money in satisfaction of all claims against the estate, and to that they obtained the assent of the chancellor, and they failed and refused to comply with their agreement, now why is not that a proper subject-matter of suit in this court? This seems to me to be the character of this proceeding. It is clear that it is not such a judgment as renders necessary a decision of the question suggested above, namely, as to whether a judgment obtained in the state court is the proper subject-matter of suit in the federal court held in the state in which such judgment is obtained. On the whole, I think this suit can be maintained, and the demurrer must be overruled.